UNITED STATES, Appellee

v.

Patrick L. SMITH, Mess Management
Specialist Seaman Recruit, U.S.
Navy, Appellant.

No. 66,424.
NMCM 91 0147.

U.S. Court of Military Appeals.

Argued Dec. 3, 1991.

Decided June 5, 1992.

For Appellant: *Captain Dwight H. Sullivan*, USMC (argued).

For Appellee: *Lieutenant Commander Lawrence W. Muschamp*, JAGC, USN (argued); *Colonel T.G. Hess*, USMC, *Commander Thomas W. Osborne*, JAGC, USN and *Lieutenant Kevin S. Anderson*, JAGC, USN.

Amicus Curiae on behalf of Appellant: *Lieutenant Commander G Arthur Robbins* (argued)—For Appellate Defense Division, USCG.

Amici Curiae on behalf of Appellee: *Captain Robert J. Walters* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Daniel J. Dell'Orto, Major Joseph C. Swetnam* (on brief)—For Appellate Government Division, USA.

*Lieutenant Colonel Brenda J. Hollis* and *Major Jeffrey C. Lindquist* (on brief)—For Appellate Government Division, USAF

*Opinion of the Court*

GIERKE, Judge:

A military judge sitting as a special court-martial convicted appellant, in accordance with his pleas, of unauthorized absence terminated by apprehension from November 6, 1989, to September 18, 1990, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. The adjudged and approved sentence provides for confinement and forfeiture of $400 pay per month for 3 months, and a bad-conduct discharge. The Court of Military Review affirmed the findings and sentence in a short-form decision. We granted review of the following issue presented by appellate defense counsel:

SHOULD THIS HONORABLE COURT EXERCISE ITS SUPERVISORY AUTHORITY TO REQUIRE THAT THE JUDGE ADVOCATES GENERAL APPOINT APPELLATE DEFENSE COUN-

SEL IN EVERY CASE BEFORE A COURT OF MILITARY REVIEW?

At the sentencing portion of his trial appellant, during an unsworn statement, stated that he was "not cut out for the military" and that he did "not wish to remain as a member of the Navy." At this point the trial defense counsel offered what was captioned as "BCD Striker Advisement" to the military judge.* This document, signed by appellant and witnessed by trial defense counsel, contained a statement that appellant had been advised by his defense counsel that a bad-conduct discharge "would not be in [his] best interest." The document recited that despite such advice appellant was

> voluntarily requesting a Bad–Conduct Discharge with the knowledge of the possible adverse effects that this decision may have upon my present and future welfare. In addition, I have instructed my defense counsel to present no matters in my behalf, or to argue anything at trial which would be inconsistent with my desire for a Bad–Conduct Discharge.

After sentence was announced, appellant requested that the copy of the record of trial be served upon his defense counsel rather than himself. The military judge determined that appellant had been advised of his appellate rights and that the advice had been reduced to writing. The military judge specifically called appellant's attention to his "right to [the] advi[c]e and assistance of counsel in exercising or deciding to waive your post-trial and appellate rights."

On the same day as the trial, the accused signed an "Appellate Rights Statement" (dated 22 Oct 90) consisting of some six pages in which he indicated by his initials:

> I do *not* desire to be represented by appellate defense counsel. In making this choice I hereby acknowledge that I do so only after being informed by my trial defense counsel, whose signature

appears below as witness to this statement, that I am relinquishing many of the traditional benefits associated with my right to counsel.

The defense submitted nothing to the convening authority in response to the recommendation of the staff judge advocate. On December 19, 1990, the convening authority approved the sentence. After the Court of Military Review affirmed the findings and sentence on February 22, 1991, appellant's case was appealed to this Court by appellate defense counsel "on behalf of" appellant.

 The issue, as propounded by appellate defense counsel in the Supplement to the Petition for Grant of Review, would require this Court to exercise its supervisory authority to mandate the appointment of appellate defense counsel in every case to be reviewed by a service Court of Military Review. To do so, this Court must venture into the area of statutory enlargement. Article 70 of the UCMJ, 10 USC § 870, gives the power to appoint appellate counsel to the respective Judge Advocates General. In particular it states that

> [a]ppellate defense counsel shall represent the accused before the Court of Military Review, the Court of Military Appeals, or the Supreme Court—(1) when requested by the accused; (2) when the United States is represented by counsel; or (3) when the Judge Advocate General has sent the case to the Court of Military Appeals.

For us to do as appellate defense counsel requests would require us to "legislate," an exercise of power that we do not purport to have. Having said that, there are other aspects to this issue which we must address.

 The accused's professed waiver of appellate counsel occurred some 58 days prior to the action by the convening authority approving the findings and sentence in

---

* A "BCD striker" is a term used in the Naval Service to describe an accused who actively seeks a punitive discharge. A "striker" is "[a] non-rated man receiving training for a particular rating," *e.g.*, "fireman-striker Jones." *See The New Military and Naval Dictionary* 244 (Philosophical Library, New York, 1951).

his case. In a similar factual situation this Court held that where

> appellant executed a waiver of his right to appellate defense counsel on the day of his trial, over 60 days prior to the action of the convening authority[,] [w]e find that such a waiver was premature and without effect.

*United States v. Avery*, 34 M.J. 160 (1991). Therein we cited our holding in *United States v. Hernandez*, 33 M.J. 145 (CMA 1991). In *Hernandez* the accused had signed a waiver of appellate review "2 days *before* [his] trial—with his defense counsel as a witness". *Id.* at 146. Citing Article 61, UCMJ, 10 USC § 861 (1983), this Court held that the statute required that a waiver of appellate review shall be signed by the accused and defense counsel within 10 days after the action of the convening authority had been served upon the accused or his defense counsel. We noted the clear wisdom of this legislative enactment was to ensure that while the accused would be accorded the right to waive future appellate action in his case, such a waiver should occur at a time when the accused has had sufficient interval "to reflect calmly on the potential adverse effects of his conviction and sentence. . . ." 33 M.J. at 148. Finding the legislative language to be unmistakably clear, we held that our Court had no power "to ignore or undercut it." *Id.* at 149.

While the instant case, like *Avery*, concerns waiver of appellate representation rather than waiver of appellate review, we hold that these two actions are too inextricably intertwined to be treated differently. As explained by the Supreme Court:

> It bears emphasis that the right to be represented by counsel is among the most fundamental of rights. We have

long recognized that "lawyers in criminal courts are necessities, not luxuries." As a general matter, it is through counsel that all other rights of the accused are protected: "Of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive, for it affects his ability to assert any other rights he may have."

The need for forceful advocacy does not come to an abrupt halt as the legal proceeding moves from the trial to appellate stage. Both stages of the prosecution, although perhaps involving unique legal skills, require careful advocacy to ensure that rights are not forgone and that substantial legal and factual arguments are not inadvertently passed over.

*Penson v. Ohio*, 488 U.S. 75, 84–85, 109 S.Ct. 346, 352, 102 L.Ed.2d 300 (1988) (citations omitted). *See also Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In this case, the purported waiver of appellate representation was tantamount to a waiver of appellate review. Thus, we hold, as we did in *Avery*, that the purported waiver of representation by appellate counsel was premature and without effect.

The decision of the United States Navy–Marine Corps Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand to that court for a determination whether appellant desires appellate representation and for further review if appellant requests representation.

Chief Judge SULLIVAN and Judges COX and CRAWFORD concur.

Judge WISS and Senior Judge EVERETT did not participate.