**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Steff Sergeant JOHN L. CRABB**
**United States Air Force**

**ACM 38763**

**29 February 2016**

Sentence adjudged 8 October 2014 by GCM convened at Ramstein Air Base, Germany. Military Judge: Donald R. Eller Jr. (sitting alone).

Approved Sentence: Dishonorable discharge, confinement for 15 months, and reduction to E-1.

Appellate Counsel for Appellant: None.

Appellate Counsel for the United States: None.

Before

ALLRED, MITCHELL, and MAYBERRY
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MITCHELL, Senior Judge:

A military judge sitting as a special court-martial convicted Appellant, contrary to his pleas, of one charge and specification of possessing child pornography, in violation of Article 134, UCMJ, 10 U.S.C. § 934. The military judge sentenced Appellant to a dishonorable discharge, 15 months of confinement, forfeiture of all pay and allowances, and reduction to E-1. The convening authority approved the adjudged sentence, except for the forfeitures. The convening authority deferred the mandatory forfeitures until action and then waived those forfeitures for the benefit of Appellant's dependent spouse and child for the next six months.

The record of trial contains two Air Force (AF) Forms 304, *Request for Appellate Defense Counsel*, signed by Appellant. On both of these forms, Appellant elected not to request appellate defense counsel. As a result, the Air Force Appellate Defense Division declined to assign counsel to Appellant. Appellant, however, has not waived appellate review of his case.

Under Article 70(c), UCMJ, 10 U.S.C. § 870(c), and Rule for Courts-Martial 1202(b)(2), appellate defense counsel are to represent an appellant in cases before this court when requested by the accused, or in other situations not applicable here.[*] Our superior court has emphasized the fundamental right to be represented by counsel at both the trial and appellate stages. *United States v. Smith*, 34 M.J. 247, 249 (C.A.A.F. 1992). The "waiver of appellate representation is tantamount to a waiver of appellate review." *Id*. We examine whether Appellant's waiver of his right to appellate counsel was effective.

Waiver that occurs before the convening authority's action is premature and without effect. *United States v. Avery*, 34 M.J. 160 (C.M.A. 1991) (mem.). On 8 October 2014, Appellant completed an AF Form 304, electing to not request appellate defense counsel. This was the last day of his court-martial. The convening authority took action on 28 January 2015. Because this waiver of appellate defense counsel took place before action, it was premature and without effect.

Appellant submitted a second AF Form 304 on 27 February 2015, and again elected not to request appellate defense counsel. This second waiver occurred after the convening authority's action. After a convening authority has acted, an appellant is in the best position to make an informed choice as to his appellate options and "may decide rationally and without undue emotion or resentment on what to do" in regards to his appellate options. *United States v. Hernandez*, 33 M.J. 145, 148 (C.A.A.F. 1991). Appellant's second waiver was timely and effective.

Appellant has not submitted a brief nor has he filed a motion for an extension of time. We, therefore, find that the proper course of action is to conduct a review of the record under Article 66, UCMJ, 10 U.S.C. § 866, without the benefit of a brief from Appellant or appellate counsel.

We reviewed the record in its entirety and carefully considered all possible issues in this case. In particular, we focused on the motions raised by trial defense counsel both at trial and in the clemency petition. Trial defense counsel presented a well-reasoned argument that the evidence was legally and factually insufficient to convict Appellant of

---

[*] One other situation requiring appellate defense counsel occurs when the United States is represented by counsel. No appellate government attorneys have entered appearances in this case on behalf of the Government.

possession of child pornography based on the ruling in *United States v. Navrestad*, 66 M.J. 262 (C.A.A.F. 2008).

We review issues of legal and factual sufficiency de novo. Article 66(c), UCMJ; *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). "The test for legal sufficiency of the evidence is 'whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt.'" *United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002) (quoting *United States v. Turner*, 25 M.J. 324 (C.M.A. 1987)). "[I]n resolving questions of legal sufficiency, we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are] convinced of the [appellant]'s guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325. In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington*, 57 M.J. at 399. Our assessment of legal and factual sufficiency is limited to the evidence produced at trial. *United States v. Dykes*, 38 M.J. 270, 272 (C.M.A. 1993).

Appellant pled not guilty. Additionally, Appellant challenged that the evidence was not legally and factually sufficient to support a conviction of the Charge and Specification both at trial and during clemency. We have given particular attention to this issue, and we disagree. We find the evidence is both legally and factually sufficient. The three images admitted into evidence are of children engaged in sexually explicit conduct. *See United States v. Roderick*, 62 M.J. 425, 429–30 (C.A.A.F. 2006). During Appellant's confession to law enforcement, he described how he would use search terms such as "teen porn" and "little model" to find child pornography images of minors as young as twelve. Appellant stated that he would download the child pornography, use the function "save as," and then delete it. Appellant tried to explain that he only downloaded the images but never saved them. However, Appellant was later asked if he retained the images for "six hours, a day, a week," and he replied, "All of the above." Appellant further explained, "I would say the most common would be like an hour. Most common way, download an image, go back and forth between six images of underage girls, and of course, pick out a favorite, masturbate, delete all six pictures."

At trial, Appellant argued that the evidence was not sufficient to prove he possessed the three images admitted into evidence. Appellant sought to draw distinctions in his confession that his downloading of child pornography occurred when he was using a different computer at a different time. The factfinder determined the prosecution proved its case beyond a reasonable doubt, and we agree. The evidence is both legally

and factually sufficient that Appellant knowingly possessed the charged images. *See United States v. Sanchez*, 59 M.J. 566, 570 (A.F. Ct. Crim. App. 2003) (upholding a conviction for possession of child pornography based on deleted files, files located in the computer's cache, and other evidence, including the accused's relative sophistication in computer matters), *aff'd in part, rev'd in part on other grounds*, 60 M.J. 329 (C.A.A.F. 2004); *United States v. Weiss*, ACM 38611 (A.F. Ct. Crim. App. 1 December 2015) (unpub. op.) (finding images in unallocated space were legally and factually sufficient to support convictions for possessing and viewing child pornography).

We have considered the other issues raised by the trial defense counsel during the court-martial and the military judge's rulings. We conclude the military judge did not err in his rulings to the material prejudice of a substantial right of Appellant. We summarily reject these potential errors without any further analysis. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).

We also consider that the military judge made an exception and substitution to the beginning date of the offense. Appellant did not object after the findings and did not raise this as an issue in clemency. We find no prejudicial error. *See United States v. Hunt*, 37 M.J. 344, 347–48 (C.M.A. 1993) (finding no material variance when evidence at court-martial was offense occurred three weeks prior to charged "on or about" date and no substantial prejudice even if material variance).

*Conclusion*

The approved findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court