# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **ACM S32615** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Erik A. RAMOS** | ) | |
| **Senior Airman (E-4)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 1** |

Appellant was tried at Davis-Monthan Air Force Base, Arizona on 22 July 2019, and convicted by a military judge sitting as a special court-martial, in accordance with his pleas pursuant to a pretrial agreement, of two specifications for failure to obey a lawful general regulation and one specification of wrongful use of lysergic acid diethylamide (LSD) in violation of Articles 92 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892 and 912a. He was sentenced to a bad-conduct discharge, confinement for 60 days, reduction to the grade of E-1 and a reprimand.

The same day as trial, Appellant signed an AF Form 304, *Request for Appellate Defense Counsel*, and checked the box "I do not request Appellate Defense Counsel to represent me." The convening authority took no action on the findings or sentence of the case and signed the decision memorandum on 2 August 2019. The entry of judgment was signed by the military judge on 12 August 2019. The case was docketed with this court on 27 August 2019, without an appellate defense counsel assigned to Appellant's case. On 29 August 2019, this court sent a certified letter to Appellant advising him that his case was docketed with this court and informing him that he had 60 days to file a brief assigning any error pursuant to Rule 18(d) of this court's Rules of Practice and Procedure. Appellant submitted no response.

Reviewing the case pursuant to Article 66, UCMJ, 10 U.S.C. § 866, the court noted missing from the original record of trial was a second AF Form 304 completed after the convening authority acted on the case pursuant to *United States v. Xu,* 70 M.J. 140 (C.A.A.F. 2011) (mem.); *United States v. Smith*, 34 M.J. 247, 249 (C.M.A. 1992); and consistent with and the guidance in Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, ¶ 14.5.2 (18 Jan. 2019).

Article 70(c)(1), UCMJ, 10 U.S.C. § 870(c)(1), states an appellate defense counsel shall represent an accused "when requested by the accused." *See Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*).

In *Smith*, the U.S. Court of Military Appeals (now U.S. Court of Appeals for the Armed Forces (CAAF)) set aside the affirmance of the conviction, finding that the purported waiver of appellate representation was tantamount to a waiver of appellate review because the appellant had not had sufficient time to reflect when he signed the waiver. The court held "these two actions [waiver of appellate representation and appellate review] are too inextricably intertwined to be treated differently" and therefore "the purported waiver of representation by appellate counsel was premature and without effect." *Smith*, 34 M.J. at 249. In *Xu,* the CAAF concluded that the appellant's waiver of appellate counsel prior to the convening authority's action was premature. *Xu*, 70 M.J. at 140.

On 4 December 2019 this court ordered the United States to show cause why this case should not be returned to The Judge Advocate General to determine whether Appellant waived his right to appellate defense counsel. On 6 January 2020 the United States responded confirming that Appellant had not signed a second AF Form 304 and recommended the case be returned to The Judge Advocate General.

Accordingly it is by the court on this 13th day of January, 2020,

**ORDERED:**

The record of trial is **REMANDED** to The Judge Advocate General for a determination as to whether Appellant desires appellate representation. Article 66(g), UCMJ, 10 U.S.C. § 866(g) (2019 *MCM*). Thereafter, the record of trial will be returned to this court for completion of appellate review under Article 66, UCMJ, of any findings and sentence from the judgement entered into the record. No later than **13 March 2020**, counsel for the Government will inform the court in writing of the status of compliance with this order unless the record of trial has been returned to the court prior to that date.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court