# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39978**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Drake E. TAYLOR**
Captain (O-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 13 May 2021

————————————

*Military Judge:* Mark W. Milam.

*Sentence:* Sentence adjudged on 23 June 2020 by GCM convened at Aviano Air Base, Italy. Sentence entered by military judge on 15 September 2020: Dismissal, confinement for 60 days, forfeiture of $1,500.00 pay per month for 3 months, and a reprimand.

*For Appellant:* None.

Before MINK, KEY, and ANNEXSTAD, *Appellate Military Judges*.

Judge KEY delivered the opinion of the court, in which Senior Judge MINK joined. Judge ANNEXSTAD filed a separate dissenting opinion.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

KEY, Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas pursuant to a plea agreement, of five specifications of conduct unbecoming an officer in violation of Article 133, UCMJ, 10 U.S.C. § 933, and two specifications of fraternization and three specifications of adultery in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10

U.S.C. § 934.[1,2] The specifications Appellant was convicted of were committed in 2017 and 2018; however, one specification which was dismissed after arraignment alleged an offense committed in 2019. The military judge sentenced Appellant to a dismissal, confinement for 60 days, forfeiture of $1,500.00 pay per month for three months, and a reprimand.[3]

Appellant's case is before this court for review without any assignments of error. Although not raised by Appellant, we address an error in the post-trial processing of Appellant's court-martial: whether the convening authority failed to take action on the sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860. We conclude he did and that remand to the Chief Trial Judge, Air Force Trial Judiciary, is required. We defer completion of our Article 66, UCMJ, review until the record is returned to this court. 10 U.S.C. § 866(d) (*Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*)).

In our initial review of this case, we identified several other potential errors with respect to matters contained in the record of trial which may warrant consideration prior to returning the record to this court. We set out those matters below.

## I. BACKGROUND

The specifications in this case were referred to a general court-martial on 9 March 2020. Prior to trial, Appellant and the convening authority entered into a plea agreement which limited Appellant's maximum confinement sentence to 120 days with all terms of confinement being served concurrently; set

---

[1] Unless otherwise noted, references to the Uniform Code of Military Justice (UCMJ) and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] Pursuant to the terms of the plea agreement, after Appellant had been arraigned, the convening authority withdrew and dismissed with prejudice one charge and its specification of making a false official statement in violation of Article 107, UCMJ, 10 U.S.C. § 907, and one specification of conduct unbecoming an officer in violation of Article 133, UCMJ, 10 U.S.C. § 933.

[3] By virtue of being charged with offenses committed both before and after 1 January 2019, Appellant had the option—which he exercised—to be sentenced under the sentencing rules in effect on 1 January 2019 pursuant to R.C.M. 902A, *Manual for Courts-Martial, United States* (2019 ed.). The military judge sentenced Appellant to separate terms of confinement for each specification, ranging from no confinement to 60 days. In conformity with the plea agreement, the military judge specified the terms would run concurrently.

the minimum monthly forfeitures at $1,000.00 per month; and set the maximum monthly forfeitures at $2,500.00 per month. Appellant thereafter pleaded guilty and was sentenced by the military judge on 23 June 2020. On this same day, Appellant signed an Air Force Form 304, *Request for Appellate Defense Counsel*, checking the box which reads: "I do not request Appellate Defense Counsel to represent me."

On 1 July 2020, Appellant submitted a written request to the convening authority asking that his sentence to confinement be deferred until the entry of judgment. He also requested that his automatic forfeitures be similarly deferred. Finally, he asked that—should his request for deferral of the automatic forfeitures be denied—those automatic forfeitures be waived for the benefit of his dependent. On 1 August 2020, Appellant submitted a petition for clemency to the convening authority, but this petition did not request any specific relief.

After reviewing Appellant's clemency request and consulting with his staff judge advocate, the convening authority signed a Decision on Action memorandum on 25 August 2020, likely after Appellant had been released from confinement. In the memorandum, the convening authority stated: "I take no action on the findings in this case." He further wrote, "I take no action on the sentence in this case." The Decision on Action set out the wording for Appellant's reprimand and noted Appellant "will be required . . . to take leave pending completion of appellate review" upon release from confinement.

The Decision on Action memorandum also addressed Appellant's deferment and waiver requests. Without providing any rationale for his decision, the convening authority wrote, "I hereby deny the request for deferment of the confinement." The convening authority then incorrectly asserted Appellant had requested "deferment of all of the adjudged and automatic forfeitures until the entry of judgment." As noted above, however, Appellant had only requested deferment of the automatic forfeitures. Following this statement, the convening authority wrote: "I hereby defer $1,060.00 pay per month of the automatic forfeitures *and all of the automatic forfeitures* from 14 days from the date the sentence was adjudged until [Appellant] is released from confinement."[4] (Emphasis added). Finally, the convening authority stated he had denied Appellant's request for waiver of the automatic forfeitures.

The convening authority's memorandum contained no indication as to whether Appellant's sentence to confinement was approved, disapproved, commuted, or suspended. On 15 September 2020, the military judge signed the

---

[4] In his request, Appellant explained he was paying 900 Euros per month in child support, roughly equivalent to $1,060.00 at the time.

entry of judgment setting out the adjudged sentence and the convening authority's decisions—verbatim—respecting Appellant's deferment and waiver requests. The military judge included the Decision on Action memorandum as an attachment.

This case was docketed with this court on 4 November 2020, without an appellate defense counsel assigned. On 14 January 2021, this court sent a certified letter to Appellant advising him that his case was docketed with this court and informing him that he had 60 days to file a brief assigning any error pursuant to Rule 18(d) of the Joint Rules of Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 18(d). Appellant submitted no response. No appellate attorney has entered an appearance before this court on behalf of either Appellant or the Government.

## II. DISCUSSION

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Interpretation of a statute and a Rule for Courts-Martial (R.C.M.) are also questions of law we review de novo. *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted); *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted).

Executive Order 13,825, § 6(b), requires that the version of Article 60, UCMJ,

> in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60: (1) requires action by the convening authority on the sentence; . . . or (5) authorizes the convening authority to approve, disapprove, commute, or suspend a sentence in whole or in part.

*See* 2018 Amendments to the *Manual for Courts-Martial, United States*, 83 Fed. Reg. at 9890. The version of Article 60, UCMJ, in effect in 2017 and 2018—the years in which Appellant's offenses occurred—stated "[a]ction on the sentence of a court-martial *shall* be taken by the convening authority or by another person authorized to act under this section." 10 U.S.C. § 860(c)(2)(A) (emphasis added); *see also United States v. Perez*, 66 M.J. 164, 165 (C.A.A.F. 2008) (per curiam) ("[T]he convening authority is required to take action on the sentence . . . ."). Article 60(c)(2)(B), UCMJ, further stated: "Except as [otherwise] provided . . . the convening authority . . . may approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." 10 U.S.C.

§ 860(c)(2)(B). The convening authority's action is required to be "clear and un-ambiguous." *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citation omitted).

This court addressed a similar situation in its en banc decision in *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.), *rev. granted*, 2021 CAAF LEXIS 389 (C.A.A.F. 2021). In *Aumont*, the convening authority signed a memorandum stating that he took "no action" on the findings or sentence in a case involving offenses occurring prior to 1 January 2019. *Id.* at \*19. *Aumont* resulted in four separate opinions, reflecting four distinct positions among the judges on this court as to whether the convening authority's statement that he took no action was erroneous and, if so, whether remand for correction was required. *Id.* (*passim*). A majority of the judges in *Aumont*—six of the ten judges—concluded the convening authority erred; four of those six judges, including the majority of the panel in the instant case, found the error required remand for corrective action without testing for prejudice, *id.* at \*89 (J. Johnson, C.J., concurring in part and dissenting in part).

We recognize that other panels of this court have applied different reasoning in cases decided before and after *Aumont. See, e.g.*, *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.); *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.); *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.); *cf. United States v. Coffman*, 79 M.J. 820, 824 (A. Ct. Crim. App. 2020) (wherein our sister-service court found the convening authority's failure to take action was harmless error). Nevertheless, we continue to adhere to the view that—in situations where the convening authority fails to take action on the sentence as required by Executive Order 13,825 and the pre-1 January 2019 version of Article 60, UCMJ—the convening authority has erred.

In cases involving a conviction for an offense committed prior to 1 January 2019, the convening authority is required to explicitly state whether the sentence is approved. R.C.M. 1107(f)(4)(A) (implementing the version of Article 60, UCMJ, applicable to Appellant's case). "If only part of the sentence is approved, the action shall state which parts are approved." *Id.* In this case, the convening authority did not take action on the entire sentence. He set out the terms of Appellant's reprimand, discussed Appellant's waiver and deferment requests, and implicitly referenced the adjudged dismissal by mentioning appellate leave, but he did not state whether Appellant's confinement, forfeitures, or dismissal were actually approved. Moreover, the convening authority's Decision on Action memorandum refers to a request for deferment of adjudged forfei-

tures—a request Appellant never made—as well as the irreconcilable statement that he was deferring both "$1,060.00 pay per month of the automatic forfeitures and all of the automatic forfeitures." The convening authority did not take complete and unambiguous action, and therefore his decision regarding Appellant's sentence is deficient. *See Politte*, 63 M.J. at 26. The convening authority's failure to take action on the entire sentence fails to satisfy the requirement of the applicable Article 60, UCMJ. *See United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439, at *11 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.).

Our superior court has mandated that when a Court of Criminal Appeals identifies an ambiguity in an action, it must return the case to the convening authority. *Politte*, 63 M.J. at 25–26 (applying the earlier versions of Articles 60 and 66, UCMJ, 10 U.S.C. §§ 860, 866, reasoning which we find applicable here). In requiring the deficient action to be returned to the convening authority, our superior court did not evaluate the deficiency for prejudice; the deficiency in the action *ipso facto* required its return. *Id.*; *see also United States v. Scott*, 49 M.J. 160, 160 (C.A.A.F. 1998). For the reasons set forth in the dissenting opinion in *Aumont*, we remand the record to the Chief Trial Judge, Air Force Trial Judiciary, to resolve the error. Unpub. op. at *89 (J. Johnson, C.J., concurring in part and dissenting in part); *see* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3) (2019 *MCM*).

We also take this opportunity to highlight other matters regarding the record of trial we observed in our review. First, Prosecution Exhibit 1—the stipulation of fact in this case—references documents purportedly attached to it. The stipulation included in the record of trial filed with this court, however, has no attachments. Second, the record includes a memorandum from Appellant's trial defense counsel titled, "Request for Deferment of Adjudged Confinement, and Automatic Forfeitures, IAW RCM 1103(b) and Article 57, UCMJ; Request for Wavier of Automatic Forfeitures IAW RCM 1103(h) and Article 58b – *United States v. Capt Drake E. Taylor*." This document also indicates it has matters attached to it, yet no such attachments are found in the record. Third, the record includes six digital video discs (DVDs) which appear to include such matters as trial counsel's opening-statement slides,[5] a short video taken with a cellular phone, as well as written reports and audio recordings from preliminary hearings carried out pursuant to Article 32, UCMJ, 10 U.S.C. § 832. Each of these DVDs contains a variety of identifying markings on them; most concerning is that each DVD is marked "SECRET." For example, the DVD

---

[5] Although this court-martial did not involve contested findings, the military judge permitted the parties to make opening statements.

of the opening-statement slides has the following annotations written in black ink on the disc:

> *FOUO*
> Appellate Exhibit IV
> GCM/U.S. v. Taylor/Aviano
> 22 Jun 20/Disc 1 of 1
> SECRET
> *FOUO*

Each of the discs carries a version of the above annotations, but nothing in the record gives any indication that the DVDs contain classified material or that any classified information was at issue in either Appellant's court-martial or its related proceedings. Fourth, while Appellant declined appellate representation on the day he was sentenced, there is no indication in the record Appellant executed a waiver of appellate representation after the convening authority's decision on action in the case pursuant to *United States v. Xu*, 70 M.J. 140 (C.A.A.F. 2011) (mem.); *United States v. Smith*, 34 M.J. 247, 249 (C.M.A. 1993); or consistent with the guidance in Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 14.5.2 (18 Jan. 2019).

## III. CONCLUSION

This case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum, as the action taken on Appellant's adjudged sentence was ambiguous and incomplete.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Return the record of trial to the convening authority or his successor to take action on the sentence;

(2) Conduct one or more Article 66(f)(3), UCMJ (2019 *MCM*), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839, sessions; and/or

(3) Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ (2019 *MCM*).


ANNEXSTAD, Judge (dissenting):

I respectfully disagree with my colleagues' conclusion remanding this case to the Chief Trial Judge, Air Force Trial Judiciary, because the convening authority's action was ambiguous and incomplete. Consistent with our court's decision in *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346, at *3 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.), I would find the convening authority's decision to "take no action on the sentence" was the equivalent of action. In coming to this conclusion, I note, as our court did in *Barrick*, that:

> Air Force Instruction [(AFI)] 51-201, *Administration of Military Justice*, Section 13D (18 Jan. 2019), correctly advises convening authorities to grant relief as circumscribed by the applicable version of Article 60, UCMJ[, 10 U.S.C. § 860]. Additionally, it advises convening authorities to specify "no action" if not granting relief, which would include effecting "action" under the applicable version of Article 60, UCMJ.

*Id.* at *3–4.

I also recognize that we can use surrounding documentation to interpret an otherwise unclear convening authority action, including looking outside the four corners of the action's language. *See United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citing *United States v. Loft*, 10 M.J. 262, 268 (C.M.A. 1981)).

In this case, the record demonstrates that Appellant submitted clemency matters to the convening authority on 1 August 2020, but did not ask for any specific relief. On 25 August 2020, the convening authority's memorialized his decision to "take no action" on the findings and sentence in his Decision on Action memorandum to the military judge. Consistent with Section 13D of AFI 51-201, the convening authority expressed his decision to not grant relief as "no action." *See* AFI 51-201, ¶ 13.23 (18 Jan. 2019). Additionally, the convening authority directed Appellant to "take leave" pending completion of appellate review upon release from confinement, an action only necessary when a convening authority cannot or chooses not to disturb an adjudged punitive discharge. Moreover, the convening authority specifically denied Appellant's request to defer confinement, granted Appellant's request to defer $1060.00 pay per month of the automatic forfeitures from 14 days from the date the sentence was adjudged until Appellant was released from confinement, denied Appellant's request to waive the automatic forfeitures, and included the language for the Appellant's reprimand. On 15 September 2020, the military judge signed the entry of judgment (EoJ), reflecting the sentence as adjudged and noting the Appellant's approved deferment request. The convening authority's Decision on Action memorandum was attached to the EoJ.

I would find that the convening authority's decision met the legacy requirements of Article 60, UCMJ, 10 U.S.C. § 860 (*Manual for Courts-Martial*, *United States* (2016 ed.)), requiring the convening authority to effectuate the sentence. I would also find the decision complied with the provisions of Rule for Courts-Martial (R.C.M.) 1109 of the *Manual for Courts-Martial*, *United States* (2019 ed.) (2019 *MCM*), requiring convening authority action only when affecting the sentence. In this case, the convening authority's decision to provide no relief at action was a "clear and unambiguous" determination to effectuate the adjudged sentence without modification. *See Politte*, 63 M.J. at 25–26 (footnote omitted). There is no indication in the record that the military judge or the parties were confused as to the convening authority's decision to grant no relief. The sentence memorialized in the EoJ was the same as the sentence adjudged at trial, with the exception of Appellant's approved deferment request, and neither party moved for correction of the Decision on Action memorandum or the EoJ. *See* R.C.M. 1104(b)(2)(B), (C) (2019 *MCM*). For these reasons, I would find no error in the convening authority's action and would not delay our review under Article 66(d), UCMJ, 10 U.S.C. § 866(d) (2019 *MCM*), by remanding the case to the Chief Trial Judge, Air Force Trial Judiciary.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court