# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32615 (f rev)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Erik A. RAMOS**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 21 May 2021

————————————

*Military Judge:* Jennifer E. Powell.

*Sentence:* Sentence adjudged on 22 July 2019 by SpCM convened at Davis-Monthan Air Force Base, Arizona. Sentence entered by military judge on 12 August 2019: Bad-conduct discharge, confinement for 60 days, reduction to E-1, and a reprimand.

*For Appellant:* None.

Before MINK, LEWIS, and D. JOHNSON, *Appellate Military Judges.*

Judge D. JOHNSON delivered the opinion of the court, in which Senior Judge LEWIS joined. Senior Judge MINK filed a separate dissenting opinion.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

D. JOHNSON, Judge:

A special court-martial composed of a military judge sitting alone convicted Appellant, in accordance with his pleas and pursuant to a pretrial agreement

(PTA), of one specification of violating a lawful general regulation by wrongfully using 1-propionyl lysergic acid diethylamide on divers occasions and one specification of violating a lawful general regulation by wrongfully using 4-methoxy dimethyltryptamine, in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892; and one specification of wrongfully using lysergic acid diethylamide (LSD) on divers occasions, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 60 days, reduction to the grade of E-1, and a reprimand. The PTA had no impact on the sentence the convening authority could approve. The decision of the convening authority is discussed in more detail below.

Although Appellant raises no issues on appeal, in light of *United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.), we consider whether Appellant is entitled to relief because the convening authority failed to take action on the sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860 (*Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*)).

For the reasons outlined below, we find no colorable showing of possible prejudice from Appellant's clemency process, and affirm the findings and sentence.

## I. BACKGROUND

Appellant entered the Air Force on 26 January 2016. At the time of the offenses, he was assigned to his first permanent duty station at Davis-Monthan Air Force Base (AFB), Arizona.

A separate investigation by agents with the Air Force Office of Special Investigations (AFOSI) uncovered Appellant's use of illicit substances. Appellant was brought in for questioning by agents from AFOSI, waived his rights pursuant to Article 31, UCMJ, 10 U.S.C. § 831, and admitted to using the illicit substances for which he was charged and convicted.

---

[1] References to the punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (2016 ed.). Unless otherwise specified, all other references to the UCMJ and all references to the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

## II. POST-TRIAL PROCESSING

### A. Additional Background

On the same day Appellant's court-martial adjourned, the military judge signed a Statement of Trial Results.[2] Also on this same day, Appellant submitted a memorandum indicating that: (1) he had consulted with his trial defense counsel about his rights to submit matters for the convening authority's consideration before the convening authority took action in his case; (2) he waived his right to submit such matters; and (3) he would not be submitting any matters for the convening authority's consideration. Appellant also signed an AF Form 304, *Request for Appellate Defense Counsel*, indicating he waived his right to appellate defense counsel representation. Ten days later, on 2 August 2019, Appellant's trial defense counsel sent an email to the base legal office confirming that Appellant would not be submitting clemency matters to the convening authority.

On 2 August 2019, the convening authority signed a Decision on Action memorandum with the following statements in it:

1. I take no action on the findings of this case.

2. I take no action on the sentence of this case. . . [text of reprimand].

3. Prior to coming to this decision, I consulted with my Staff Judge Advocate. The [Appellant] did not submit any matters for my consideration on action under [Rule for Courts-Martial (R.C.M.)] 1106.

Additionally, the convening authority's memorandum directed Appellant to take appellate leave upon completion of his confinement sentence and contained the language of Appellant's adjudged reprimand. The memorandum did not state whether the convening authority "approved" any portion of the adjudged sentence.

On 12 August 2019, the military judge signed the entry of judgment (EoJ) which entered into the record the sentence as adjudged including the reprimand language from the convening authority. The EoJ also contained a statement showing that the findings and the sentence "reflect all post-trial actions by the convening authority."

---

[2] The Statement of Trial Results failed to include the command that convened the court-martial as required by R.C.M. 1101(a)(3). Appellant has not claimed prejudice and we find none. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).

On 16 August 2019, Appellant's trial defense counsel was served a copy of the convening authority's memorandum and the EoJ. No post-trial motions were filed alleging errors in the clemency process or that the convening authority's action was incomplete, irregular, or erroneous. *See* R.C.M. 1104(b)(1)(E)–(F); R.C.M. 1104(b)(2)(B).

Appellant's case was originally docketed with this court on 27 August 2019. Appellant waived representation by appellate counsel, and no filings were made by him or on his behalf.

Upon our review, pursuant to Article 66, UCMJ, 10 U.S.C. § 866, this court noted the original record of trial did not contain a second AF Form 304 that waived appellate representation after the convening authority's Decision on Action memorandum was served on Appellant or his trial defense counsel.

On 4 December 2019, we ordered the Government to show cause why Appellant's case should not be remanded to the Air Force Judge Advocate General to determine whether Appellant waived his right to appellate defense counsel. We cited *United States v. Smith*, 34 M.J. 247, 249 (C.M.A. 1992), *United States v. Xu*, 70 M.J. 140 (C.A.A.F. 2011) (mem.), and Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, ¶ 14.5.2 (18 Jan. 2019), for why a second AF Form 304 may be necessary. In its 6 January 2020 response to this court's order, the Government recommended the case be remanded to the Judge Advocate General. On 13 January 2020, this court remanded Appellant's record of trial to the Judge Advocate General for a determination as to whether Appellant desires appellate representation. *United States v. Ramos*, No. ACM S32615, 2020 CCA LEXIS 17, *3 (A.F. Ct. Crim. App. 13 Jan. 2020) (order). On 29 January 2020, Appellant signed a second AF Form 304 waiving representation by appellate counsel.

Following our order, this court decided *United States v. Finco*, in which this court addressed for the first time whether a convening authority's decision to take "no action" on the sentence complied with Article 60, UCMJ, in effect on the date of the earliest offense of which Appellant was found guilty. No. ACM S32603, 2020 CCA LEXIS 246, at *13–16 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.).

**B. Law**

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Interpretation of a statute and a R.C.M. provision are also questions of law that we review de novo. *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted); *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted).

Executive Order 13,825, § 6(b), requires that the version of Article 60, UCMJ, "in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60: (1) requires action by the convening authority on the sentence." *See* 2018 Amendments to the *Manual for Courts-Martial, United States*, 83 Fed. Reg. 9889, 9890 (8 Mar. 2018). The version of Article 60, UCMJ, in effect on the date of the earliest convicted offense in this case—1 June 2017—stated "[a]ction on the sentence of a court-martial shall be taken by the convening authority." 10 U.S.C. § 860(c)(2)(A) (2016 *MCM*).

**C. Analysis**

We now consider what must be done, if anything, because the convening authority's decision memorandum did not explicitly state that he "approved" each portion of the adjudged sentence. Appellant raises no error and claims no prejudice on this front.

In *Lopez*, a panel of our court addressed the question of "whether the convening authority's action with respect to one element of the sentence satisfies the pre-1 January 2019 requirement under Article 60, UCMJ [(2016 *MCM*),] that the convening authority take action on the sentence." Unpub. op. at *10–11. In a 2–1 decision, the majority remanded the case to the Chief Trial Judge of the Air Force after concluding that failure to take action on the entire sentence does not satisfy Article 60, UCMJ (2016 *MCM*), and the convening authority "was required to explicitly state his approval or disapproval of the sentence." *Id.* at *11 (citation omitted). Our esteemed colleague who dissents adopts the reasoning of the majority in *Lopez* and would similarly remand Appellant's case without testing for material prejudice.

We, however, do not adopt the rationale of the majority in *Lopez*, but to be clear, we also do not adopt the position of the dissent in *Lopez*. *Id.* at *12–46 (Posch, S.J., dissenting) (finding no error after applying Article 60a, UCMJ, 10 U.S.C. § 860a). Instead, we adhere to the approach we used in prior cases where the convening authority's decision memoranda either stated no action was taken on the sentence, or in the case. *See, e.g. United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427, at *8–13 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.); *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416, at *29–37 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (Lewis, S.J., concurring in part and in the result) (unpub. op.), *rev. granted*, ___ M.J. ___, No. 21-0126, 2021 CAAF LEXIS 389 (C.A.A.F. 4 Mar. 2021); *Finco*, unpub. op. at *13–16.

Our approach begins with determining whether Appellant waived or forfeited the issue by not filing a post-trial motion within five days after receipt of the convening authority's decision memorandum to allege the action was

incomplete, irregular, or contained error. *See* R.C.M. 1104(b)(2)(B). In our view, Appellant's opportunity to challenge the decision memorandum before the military judge and his failure to file such a motion warrants appropriate consideration. As we did in *Cruspero* and for the same reasoning, we find that Appellant's failure to file a post-trial motion forfeited his right to object to the accuracy of the memorandum, absent plain error. *See* unpub. op. at *11–12.

To prevail under a plain error analysis, Appellant must show "(1) there was an error; (2) [the error] was plain or obvious; and (3) the error materially prejudiced a substantial right." *See United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (en banc) (quoting *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005)). We have applied the threshold of "some colorable showing of possible prejudice" as the appropriate standard for an error impacting an appellant's request for clemency under the current post-trial processing system. *See, e.g.*, *Cruspero*, unpub op. at *12 (quoting *LeBlanc*, 74 M.J. at 660).

Applying the plain error test described above, we find the decision to take no action on the sentence was plain or obvious error. However, we can discern no colorable showing of possible prejudice to Appellant. In cases like *Cruspero* and *Finco* we found such a colorable showing to be "apparent" as we were "unsure" whether the convening authority made a decision on a clemency request that could be granted. *Cruspero*, unpub. op. at *13; *Finco*, unpub. op. at *16. Here, Appellant waived his right to submit clemency on the day of trial and confirmed that decision through counsel ten days later. Further, Appellant claims no prejudice on appeal. Under these circumstances, we conclude that there is no colorable showing of possible prejudice from the convening authority's memorandum and that the EoJ correctly reflects the entered sentence.

## III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

MINK, Senior Judge (dissenting):

I would remand this case to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the decision memorandum as the convening authority's action taken on Appellant's adjudged sentence was ambiguous and incomplete. I adopt the reasoning of the majority in *United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.), and find the convening authority here, as was the case with

*Lopez*, "was required to explicitly state his approval or disapproval of the sentence." *Id.* at \*11. The convening authority failed to do so, thus I conclude the convening authority failed to take action on the entire sentence in accordance with Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, Uniform Code of Military Justice, 10 U.S.C. § 860 (*Manual for Courts-Martial, United States* (2016 ed.)).

I continue to hold the view expressed in the dissenting opinion in *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416, at \*92–105 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (J. Johnson, C.J., dissenting in part and in the result) (unpub. op.), *rev. granted*, ___ M.J. ___, No. 21-0126, 2021 CAAF LEXIS 389 (C.A.A.F. 4 Mar. 2021); and, therefore, I do not agree with the majority's approach in conducting a plain error analysis. I further disagree with my esteemed colleagues' decision to test for material prejudice. Accordingly, I would find error and remand regardless of whether Appellant was materially prejudiced.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court